IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | |
|---|---|
| ABDELAZIZ FAHMI MANDISHA, | ) ) ) 3:25-CV-00212 ) ) RICHARD A. LANZILLO ) Chief United States Magistrate Judge ) ) MEMORANDUM ORDER ) ) RE: ECF NO. 1 ) |
| Petitioner | |
| vs. | |
| LEONARD ODDO, | |
| Respondent | |

Petitioner is a citizen of Egypt. ECF No. 1, ¶ 7. Petitioner was detained by Immigration and Customs Enforcement ("ICE") on May 22, 2025. *Id.,* p. l. Petitioner filed the pending petition under 28 U.S.C. § 2241 challenging his immigration detention at the Moshannon Valley Processing Center and requesting release. ECF No. 1, *generally.*

On March 16, 2026, the Court entered an order directing the parties to file a joint status report advising the Court of: (1) Petitioner's current immigration status, and (2) whether any issues of mootness have arisen. On March 23, 2026, counsel for Respondent filed a status report advising that he had contacted habeas counsel and local counsel who confirmed that on January 6, 2026, the Immigration Court granted Petitioner an adjustment of status pursuant to 8 U.S.C. § 1225; ICE did not appeal that decision; Petitioner was released from custody on or about

February 6, 2026; and documentation confirming Petitioner's release (ECF No. 21-2).

The parties have consented to the jurisdiction of a United States Magistrate Judge as authorized by 28 U.S.C. § 636. As discussed below, Petitioner's release has render his Petition moot.

Article III limits federal judicial power to actual "Cases" and "Controversies." U.S. Const. art. III, § 2. A petitioner must, at every stage of litigation, demonstrate "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Abreu v. Superintendent Smithfield SCI,* 971 F.3d 403, 406 (3d Cir. 2020) (quoting *DeFoy v. McCullough,* 393 F.3d 439, 442 (3d Cir. 2005)). "[A] habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." *Abreu v. Superintendent Smithfield SCI,* 971 F.3d 403, 406 (3d Cir. 2020); *see also Harvey v. Holder,* 63 F. Sipp. 3d 318, 320 (W.D. N.Y. 2014) (petition is moot where immigration detainee has been released); *Hamilton v. Bromley,* 862 F.3d 329, 335 (3d Cir. 2017) (a case is moot when "developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome" or prevent the court from granting the requested relief).

Because Petitioner has been released from ICE custody, he has received the relief he requests in the petition and no habeas relief remains for the Court to grant. The petition is therefore moot and will be dismissed as such.

3

ORDER

For the foregoing reasons, Petitioner's Petition under 28 U.S.C. § 2241 (ECF No. 1) is hereby dismissed, without prejudice.

SO ORDERED this 1st day of April, 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

4